# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RICKEY L. SNYDER,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0518** (BOR Appeal No. 2050964)
(Claim No. 2012025760)


**CONSTELLUIM ROLLED PRODUCTS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Rickey L. Snyder, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products, by Jeffery M. Carder and T. Jonathan Cook, its attorneys, filed a timely response.

The issue on appeal is whether degeneration of the lumbar disc, lumbar radiculitis, and myofascial pain are compensable conditions of the claim. On January 14, 2015, the claims administrator denied the request to add degeneration of the lumbar disc, lumbar radiculitis, and myofascial pain as compensable diagnoses in the claim. The Office of Judges affirmed the decision in its November 18, 2015, Order. The Order was affirmed by the Board of Review on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Snyder, an employee of Constellium Rolled Products, injured his lower back on September 26, 2011, while picking up a piece of aluminum debris while at work. The claim was held compensable for a lower back sprain on February 24, 2012. On October 15, 2014, Abdi Ghodsi, M.D., his treating physician, submitted a diagnosis update which requested that

1

degeneration of lumbar intervertebral disc, lumbar radiculitis, and myofascial pain be added as compensable diagnoses in the claim.

Mr. Snyder had many previous lower back injuries and multiple imaging studies over the years. In 1994, he suffered a lower back strain at work. In June of 1995, he suffered another lower back strain at work, and it was held compensable for a lumbar sprain. A July 21, 1995, MRI of Mr. Snyder's lower back revealed a degenerated disc at L4-5 with a small central bulge. He was treated with medication, injections, physical therapy, and work hardening. According to treatment records from July and August of 1995, he was treated for complaints of back pain and a tingling sensation into both legs. In the summer of 1996, Mr. Snyder suffered another strain of his lower back at work. He was diagnosed with a lumbar sprain/strain and right sciatica. Mr. Snyder was evaluated by Tony Majestro, M.D., on August 8, 1996. Dr. Majestro noted that Mr. Snyder had sustained work-related injuries to his low back in 1981, 1984, 1995, and 1996. Dr. Majestro also noted that a recent MRI of his lumbar spine revealed degenerative changes at L2-3 and L4-5 with some minimal bulging. Dr. Majestro's impression was lumbosacral strain with underlying degenerative disc disease at L2-3 and L4-5 with intermittent root irritation. An August 7, 1997, x-ray revealed mild degenerative disc disease at L2-3 and L4-5. On March 20, 2002, Mr. Snyder filed another workers' compensation claim for a lower back injury. He reported tingling and numbness in his lower extremities and completed physical therapy. An April 4, 2002, MRI showed moderate to severe degenerative disc changes at L2-3 and mild degenerative changes at L4-5. Another claim for workers' compensation benefits was filed on December 7, 2005, for an injury that allegedly occurred on August 12, 2005.

After Mr. Snyder's most recent injury, which occurred on September 26, 2011, he underwent another MRI. The February 14, 2012, MRI revealed mild degenerative changes and a shallow protrusion of disc material at L4-5. There was no evidence of a large disc herniation. A nerve conduction study was performed, which revealed mild bilateral tibial neuropathy. On August 2, 2012, Paul Bachwitt, M.D., completed an independent medical evaluation report. Dr. Bachwitt noted that Mr. Snyder had recently injured his low back picking up a piece of debris. He also noted that Mr. Snyder had previously sustained injuries to his low back in 1980, 1994, 1995, 1996, 2002, and 2005. Dr. Bachwitt found him to be at maximum medical improvement and suggested no further impairment.

On June 20, 2014, a lumbar spine MRI report revealed no evidence of disc herniation, spinal stenosis, or foraminal narrowing at any level. There was degenerative disc disease with a mild bulge, spurring, and a right paracentral protrusion at L4-5. There were multilevel facet arthritic changes at L2 through S1. The assessment was low back pain, lumbosacral radiculitis, lumbar arthropathy, and lumbar degenerative disc disease. Mr. Snyder underwent lower back surgery on June 27, 2014, and August 29, 2014. On October 15, 2014, Dr. Ghodsi submitted a diagnosis update which requested that degeneration of lumbar intervertebral disc, lumbar radiculitis, and myofascial pain be added as compensable diagnoses in the claim.

A January 12, 2015, nerve conduction study was interpreted by Jay Bauerle, M.D., as showing an active L5 radiculopathy or L5-S1 polyradiculopathy with active and chronic denervation. There was also some underlying sensorimotor polyneuropathy, probably secondary

to diabetes mellitus. The assessment was lumbar or lumbosacral radiculopathy, polyneuropathy in diabetes, diabetes with neurological manifestations, and pain in limb. On January 14, 2015, the claims administrator denied the request to add degeneration of lumbar intervertebral disc, lumbar radiculitis, and myofascial pain as compensable diagnoses in the claim.

Dr. Bachwitt performed another independent medical evaluation on March 16, 2015. Dr. Bachwitt opined that Mr. Snyder's compensable injury had resulted in nothing more than a lumbar sprain/strain. He further opined that the diagnoses of degeneration of lumbar intervertebral disc, lumbar radiculitis, and myofascial pain were not causally related to the compensable injury. On April 14, 2015, Mr. Snyder was deposed. He testified that he injured his low back on September 26, 2011, when he squatted down to pick up a big piece of aluminum debris. He underwent back surgery in June of 2014 and again in August of 2014. Mr. Snyder relayed that his symptoms failed to significantly improve following the surgery.

Prasadarao Mukkamala, M.D., completed an independent medical evaluation report on August 14, 2015. Dr. Mukkamala agreed with Dr. Bachwitt that the evidence did not support Mr. Snyder's allegation that degeneration of lumbar intervertebral disc, lumbar radiculitis, and myofascial pain were causally related to the compensable injury. In relation to the lumbar disc disease, Dr. Mukkamala opined that it is a disease of life and unrelated to the compensable injury. Dr. Mukkamala noted that there was no documented radiculopathy by the time Mr. Snyder reached maximum medical improvement. However, a nerve conduction study performed more than two years after Mr. Snyder reached maximum medical improvement regarding the September 26, 2011, compensable injury showed radiculopathy. Dr. Mukkamala opined that this proved it was a degenerative process that caused the radiculopathy and it was not causally related to the compensable injury. Dr. Mukkamala opined that the myofascial pain was related to the degenerative disc disease, which was not compensable.

On November 18, 2015, the Office of Judges found that Mr. Snyder has failed to show by a preponderance of evidence that the requested conditions are casually related to the compensable injury. The Office of Judges determined that the lumbar degenerative changes predated the injury. A lumbar MRI performed in July of 1995 revealed a degenerative disc at L4-5 with a small central bulge. An MRI taken in August of 1997 revealed degenerative changes at L2-3 and L4-5 with bulging. Dr. Majestro's impression at that time was lumbar strain with underlying degenerative disc disease at L2-3 and L3-4 with irritation. A 2002 MRI revealed moderate to severe degenerative disc changes at L2-3 and mild degenerative changes at L4-5. Furthermore, a lumbar MRI taken five months after the compensable injury in this claim revealed mild degenerative changes which were very similar, if not identical, to the imaging findings from Mr. Snyder's earlier MRI reports. In addition, the Office of Judges noted that both Dr. Bachwitt and Dr. Mukkamala have opined that the diagnosis of degeneration of lumbar intervertebral disc is not causally related to the compensable injury. In relation to the condition of lumbar radiculitis, the Office of Judges determined that there was no reliable medical evidence of record to show it was causally related to the compensable injury. The Office of Judges noted that a much more likely cause for Mr. Snyder's radicular symptoms was his extensive degenerative disc disease. The Office of Judges further noted that the nerve conduction study of Mr. Snyder's lower extremities performed in May of 2012 revealed no evidence of

3

radiculopathy, while an EMG study of Mr. Snyder's lower extremities performed in January of 2015 showed an active L5 radiculopathy. This EMG evidence supports a finding that Mr. Snyder's radiculitis/radiculopathy is related to the progression of pre-existing degenerative disc disease as opposed to the compensable injury of September 26, 2011. Additionally, the Office of Judges noted that the record shows that Mr. Snyder's radiculopathy/radicular symptoms predated the compensable injury in the claim. The Office of Judges also noted that both Dr. Bachwitt and Dr. Mukkamala have opined that Mr. Snyder's lumbar radiculitis is not causally related to the compensable injury. In relation to the request for myofascial pain syndrome, the Office of Judges determined that it was not causally related to the compensable lumbar sprain as both Drs. Bachwitt and Mukkamala have specifically opined that there is no causal connection. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 3, 2016.

After review, we agree with the decisions of the Office of Judges and Board of Review, because their findings are overwhelmingly supported by the evidence. In relation to the degenerative disc disease it is apparent from multiple pre-injury MRIs that Mr. Snyder already suffered from degenerative disc disease. The nerve conduction studies show that the radiculitis was not related to the compensable injury but was a result of degenerative changes. Finally, both Dr. Mukkamala and Dr. Bachwitt agree that myofascial pain syndrome is not a compensable condition. Because the decisions of the Office of Judges and Board of Review are based on the reliable evidence of record, their decisions were not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker